IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLINA G. BILBAENO,<br><br>    Defendant. | Case No. 13-04416 JSC<br><br>**ORDER TO SHOW CAUSE TO DEFENDANT** |

Plaintiff brought this state law unlawful detainer action against Defendant in the Superior Court of California for the County of San Mateo seeking to evict Defendant from real property located in Daly City. Defendant Carolina G. Bilbaeno, representing herself, subsequently purported to remove the action to this Court on the basis of diversity and federal question jurisdiction.

Defendant, as the party seeking removal to this federal court, bears the burden of establishing that subject matter jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate*

*Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). The Court has reviewed the Notice of Removal and has determined that subject matter jurisdiction does not exist.

Jurisdiction founded on diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Complete diversity means that "each of the plaintiffs must be a citizen of a different state than each of the defendants." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004). Defendant alleges that diversity jurisdiction exists and state that the amount in controversy is in excess of $75,000. (Dkt. No. 1, p. 3.) However, the face of the state court complaint states that the amount demanded is less than $10,000. (Dkt. No. 1, p. 5.) Defendant's assertion that the amount in controversy is the value of the home is incorrect. *See Litton Loan Servicing, L.P. v. Villegas*, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) ("In unlawful detainer actions, [ ] the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy."). Defendant therefore cannot satisfy the amount in controversy requirement for federal diversity jurisdiction, nor has Defendant established that Plaintiff is a citizen of a different state.

Further, even were Defendant's contentions as to the parties' respective citizenships and the amount in controversy supportable, Defendant appears to be a citizen of California as the underlying complaint alleges that she is in possession of property in California. The removal therefore contravenes the provision of 28 U.S.C. § 1441(b) that precludes removal where any defendant is a citizen of the state in which the action was brought (the "no local defendant rule").

Removal based on federal question likewise fails. "Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint." *ING Bank, FSB v. Pineda*, No. 12-2418, 2012 WL 2077311, at *1 (N.D. Cal. June 8, 2012). The removed complaint makes only a state law claim for unlawful detainer. (Dkt. No. 1-1, p. 10.) The Notice of Removal states that Plaintiff seeks to deprive Defendant of, among other things, her constitutional rights; however, even if Defendant has a valid counterclaim for a civil rights violation, a counterclaim cannot provide a basis for federal question jurisdiction.

*Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).  Therefore, this Court does not have federal question jurisdiction.  *ING Bank, FSB,* 2012 WL 2077311, at *1.

Accordingly, Defendant is ORDERED to SHOW CAUSE as to why this case should not be remanded to San Mateo County Superior Court.  In particular, if Defendant believes that this Court has subject matter jurisdiction, she shall file a response in writing by **October 16, 2013** that demonstrates why this Court has jurisdiction.  Defendant is warned that her failure to file a response will result in remand of this action to state court for lack of federal jurisdiction.

**IT IS SO ORDERED.**

Dated:  October 2, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE