IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| US BANK NATIONAL ASSOCIATION, | Case No. 13-04416 JSC |
|---|---|
| Plaintiff, | **ORDER REASSIGNING CASE; REPORT AND RECOMMENDATION FOR REMAND** |
| v. | |
| CAROLINA G. BILBAENO, | |
| Defendant. | |

Plaintiff brought this state law unlawful detainer action against Defendant in the Superior Court of California for the County of San Mateo seeking to evict Defendant from real property located in Daly City. Defendant Carolina G. Bilbaeno, representing herself, subsequently purported to remove the action to this Court on the basis of diversity and federal question jurisdiction. Given the lack of subject matter jurisdiction appearing on the face of the Complaint, the Court ordered Defendant to show cause ("OSC") as to why this case should not be remanded. (Dkt. No. 6.) Although ordered to respond to the OSC by October 16, 2013, Defendant has failed to do so.

As the parties have neither consented to nor declined the undersigned magistrate judge's jurisdiction, the Clerk of the Court is ordered to reassign this action to a district court judge. For the reasons explained below and in the OSC, this Court recommends that this case be REMANDED.

**DISCUSSION**

Defendant, as the party seeking removal to this federal court, bears the burden of establishing that subject matter jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). The Court has reviewed the Notice of Removal and has determined that subject matter jurisdiction does not exist.

Jurisdiction founded on diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Complete diversity means that "each of the plaintiffs must be a citizen of a different state than each of the defendants." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004). Defendant has not established that the parties are diverse or that the amount in controversy exceeds $75,000. Instead, the face of the state court complaint states that the amount demanded is less than $10,000. (Dkt. No. 1, p. 5.) Defendant's assertion that the amount in controversy is the value of the home is incorrect. *See Litton Loan Servicing, L.P. v. Villegas*, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) ("In unlawful detainer actions, [ ] the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy."). Further, even if these requirements were met, removal would still be improper because Defendant, an apparent California resident, is precluded from removing an action where she is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b)(2).

Removal based on federal question jurisdiction likewise fails. "Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint." *ING Bank, FSB v. Pineda*, No. 12-2418, 2012 WL 2077311, at *1 (N.D. Cal. June 8, 2012). The removed complaint makes only a state law claim for unlawful detainer. (Dkt. No. 1-1, p. 10.) The Notice of Removal states that Plaintiff seeks to deprive Defendant of, among other things, her constitutional rights; however, even if Defendant has a valid counterclaim for a civil rights violation, a counterclaim cannot provide a basis for federal question jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60

(2009).  Therefore, this Court does not have federal question jurisdiction.  *ING Bank, FSB,* 2012 WL 2077311, at *1.

## CONCLUSION

Based on the foregoing, this Court RECOMMENDS that the newly assigned district court judge REMAND this action to Superior Court of California for the County of San Mateo.

Any party may file objections to this report and recommendation with the district court judge within fourteen days after being served with a copy.  *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.  Failure to file objections within the specified time may waive the right to appeal the district court's ultimate Order.

**IT IS SO ORDERED.**

Dated:   October 22, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE